UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        CASE NO. 15-CR-20710-1
                                    HON. GEORGE CARAM STEEH

v.

CLIFFORD ANTHONY CONNOR,

        Defendant.
                                      /

**ORDER DENYING DEFENDANT'S MOTION
FOR APPOINTMENT OF COUNSEL (Doc. 92)**

Defendant Clifford Anthony Connor seeks the appointment of counsel to assist him in his pursuit of his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. There is no constitutional right to counsel for state or federal prisoners who seek to collaterally attack their convictions by way of 28 U.S.C. §§ 2254 or 2255. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Johnson v. Avery*, 393 U.S. 483, 488 (1969); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (citing *McCleskey v. Zant,* 499 U.S. 467, 495 (1987)). Congress mandates appointment of counsel in § 2255 proceedings only when the defendant faces a capital sentence – which defendant does not. *See* 18 U.S.C. § 3599(a)(2). Also, a

court must appoint counsel if an evidentiary hearing is required to resolve a petitioner's claims. *See* Rule 8(c) of the Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. § 2255. In all other cases, the decision to appoint counsel for a federal habeas petitioner is in the discretion of the district court and is only required where the interests of justice or due process so require. 18 U.S.C. § 3006A(a)(2)(B); *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986).

In deciding whether to appoint counsel, the court considers a number of factors, including: "(1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; and (5) factually complex cases." *Camcho, III v. United States,* No. 4:10CV 01650, 2010 WL 4365479, at *1 (N.D. Ohio Oct. 28, 2010) (citing *James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice & Procedure*, § 12.3b (3d ed. 1998)).

Defendant has not demonstrated that due process or the interests of justice require the appointment of counsel under the facts of this case. Defendant seeks to present two narrow issues in his § 2255 petition: ineffective-assistance-of-counsel and prosecutorial misconduct. On appeal

in this case, the Sixth Circuit noted the lack of merit to the movant's claims here observing, "there are no viable ineffective-assistance-of-counsel claims for appeal that are apparent from the record." (Doc. 90). The legal issues presented do not appear to be complex. Also, defendant has not represented that he is mentally or physically impaired. His pro se filing is clear and cogent. Under these circumstances, defendant's motion for the appointment of counsel (Doc. 92) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: February 2, 2018

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 2, 2018, by electronic and/or ordinary mail and also on Clifford Connor #51545-039, Hazelton Federal Correctional Facility, P. O. Box 5000, Bruceton Mills, WV 26525.

s/Barbara Radke
Deputy Clerk