UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                Case No.   15-CR-20710
                                        19-CV-10419
vs.                               HON.  GEORGE CARAM STEEH

D-1 CLIFFORD CONNOR,

    Defendant.
_____/

ORDER GRANTING GOVERNMENT'S MOTION FOR TIME
EXTENSION (Doc. 103 and 105) AND DENYING GOVERNMENT'S
MOTION FOR DISCOVERY (Doc. 104) WITHOUT PREJUDICE

Defendant Clifford Connor has filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 96). The government was ordered to respond by April 16, 2019, but failed to do so. Now before the court is the government's motion for a time extension to respond to the § 2255 motion. Having demonstrated excusable neglect, the government's motion for a time extension (Doc. 103 and 105) shall be GRANTED.

Also pending is the government's motion for discovery to consult with defense counsel, and to obtain copies of correspondence between Defendant and his counsel, in order to respond to Defendant's ineffective

assistance of counsel claims. There is no automatic right to discovery in a § 2255 proceeding. *Johnson v. Mitchell,* 585 F.3d 923, 934 (6th Cir. 2009). Discovery in § 2255 cases is controlled by Rule 6(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts (" § 2255 Rules"), which states that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." Rule 6(b) provides, in part, that "[a] party requesting discovery must provide reasons for the request." *See Cornwell v. Bradshaw,* 559 F.3d 398, 410 (6th Cir. 2009) ("For good cause shown, the district court has the discretion to permit discovery in a *habeas* proceeding"). The burden of demonstrating the materiality of the information requested is on the moving party. *See Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001).

The government has not shown that discovery is necessary to respond to Defendant's § 2255 motion. In his § 2255 motion, Defendant argues his counsel was ineffective for failing to advise him that at sentencing, the government would use his acquittal in state court of murder charges, and for failing to rely on *Dean v. United States*, 137 S. Ct. 1170 (2017) in his request for a downward variance at sentencing. Defendant

made a similar argument on direct appeal which the Sixth Circuit rejected. Specifically, Defendant argued on appeal that his plea was invalid because at sentencing, this court allegedly considered a murder for which he was acquitted after a jury trial. The Sixth Circuit affirmed this court's judgment of conviction and sentence, rejected Defendant's argument, and found that this court did not consider the murder acquittal in formulating his sentence, and even if it had, Defendant received the benefit of his bargain and was sentenced within the agreed-upon Guidelines range. (Doc. 90 at PgID 591-92). Based on this conclusion, there appears to be no merit to Defendant's claim in his § 2255 motion that his counsel was ineffective for not advising him in advance that the government would reference his acquittal of state murder charges at sentencing. The government also has not shown that discovery is necessary to respond to Defendant's claim that his attorney was ineffective for not relying on *Dean, supra*, at sentencing. Based upon a review of the Sixth Circuit's opinion affirming the judgment of conviction and sentence in this case, and upon a review of Defendant's § 2255 petition, it appears that this court can rule on Defendant's ineffective assistance of counsel claims based on the present record without the discovery of Defendant's communications with his attorney.

Having failed to show that discovery is necessary, or that Defendant's claims cannot be resolved based on the record before this court, the government's motion for copies of certain attorney-client communications and correspondence (Doc. 104) is DENIED WITHOUT PREJUDICE.

The government's request for a time extension to respond to Defendant's § 2255 motion (Doc. 103 and 105) is GRANTED, and the government's opposition brief is due on or before June 20, 2019. Defendant may file a reply on or before July 22, 2019.

**IT IS SO ORDERED**.

Dated: May 10, 2019

                               s/George Caram Steeh
                               GEORGE CARAM STEEH
                               UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 10, 2019, by electronic and/or ordinary mail and also on
Clifford Anthony Connor #51545-039, FCI Hazelton,
P. O. Box 5000, Bruceton Mills, WV 26525.

s/Barbara Radke
Deputy Clerk