UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

                        Case No.  15-CR-20710
                                   19-CV-10419
vs.                         HON.  GEORGE CARAM STEEH

D-1 CLIFFORD CONNER,

    Defendant-Petitioner.

_____/

ORDER DENYING DEFENDANT-PETITIONER'S MOTION FOR
RECONSIDERATION (Doc. 107) AND MOTION IN OPPOSITION TO
GOVERNMENT'S AMENDED BRIEF AND MOTION FOR TIME
EXTENSION, AND MOTION TO STRIKE SUCH PLEADINGS (Doc. 108)

Defendant Clifford Conner has filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 96). The government was ordered to respond by April 16, 2019, but failed to do so. Two weeks after the deadline had expired for filing a response to Defendant's § 2255 motion, the government filed a motion for a time extension. The court found that the government has shown excusable neglect, and granted the government's motion for a time extension before Defendant responded to the motion. (Doc. 106).

Now before the court is Defendant's motion for reconsideration on the grounds that Defendant was denied the opportunity to respond to the government's motion for a time extension. Defendant is correct that the court should not have considered the request for a time extension ex parte because the deadline for responding to his § 2255 motion had expired. Rule 6(b) of the Federal Rules of Civil Procedure provides that when a party moves the court to accept a filing after the relevant deadline, the court may do so "where the failure to [file before the deadline] was the result of excusable neglect." Fed. R. Civ. P. 6(b). Here, "the governing legal standard for excusable-neglect determinations is a balancing of five principal factors: (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993)).

Under these five factors, the government has shown excusable neglect. Defendant's motion for reconsideration fails to demonstrate any prejudice in granting the government a short extension of time to respond

to his § 2255 motion, and fails to show that the short delay will have any impact on judicial proceedings. The government has also shown that the slight delay was inadvertent, not in bad faith, and attributable to the death of his mother. Under these circumstances, the government has demonstrated excusable neglect and a short extension of the filing deadline is warranted. Defendant's motion for reconsideration does not show "a palpable defect by which the court and the parties . . . have been misled," or that "correcting the defect will result in a different disposition of the case" as required under Local Rule 7.1(h)(3). Defendant has now had the opportunity to respond to the government's request for a short time extension, and having failed to show any prejudice by the short delay allowed, Defendant's motion for reconsideration (Doc. 107) and motion in opposition to the government's amended brief and motion for time extension, and motion to strike the government's pleadings (Doc. 108) are DENIED.

**IT IS SO ORDERED**.

Dated: June 19, 2019

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 19, 2019, by electronic and/or ordinary mail and also on Clifford Anthony Connor #51545-039, FCI Hazelton, P. O. Box 5000, Bruceton Mills, WV 26525.

s/Barbara Radke
Deputy Clerk