UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff/Respondent,      Case No.  15-CR-20710
                                       19-CV-10419
v.                                HON. GEORGE CARAM STEEH

CLIFFORD CONNER,[1]

      Defendant/Petitioner.

_____/

## ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE (Doc. 96) AND DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL (Doc. 97) and DENYING PETITIONER'S MOTION FOR LIMITED DISCOVERY (Doc. 98)

Now before the court is Defendant-Petitioner Clifford Conner's pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Also pending are Petitioner's motions for the appointment of counsel, and for limited discovery. The government has responded to Petitioner's §2255 motion, and Petitioner has filed a Reply which this court has duly considered. For the reasons set forth below, Petitioner's motions will be denied.

---

[1]Some parts of the record in this case refer to the Petitioner by the last name of "Connor," but this is a typographical error.

# I. Background

On December 13, 2016, Petitioner pleaded guilty to aiding and abetting a carjacking in violation of 18 U.S.C. §§ 2 and 2119(1), and aiding and abetting the use and carry of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 2 and 924 (c)(1)(A)(ii). The parties agreed to a sentencing Guidelines range of 46 to 57 months' imprisonment on the aiding and abetting carjacking count, and 84 months' imprisonment on the § 924(c) count for a total Guidelines range of 130 to 141 months. On April 13, 2017, the court sentenced Petitioner within the terms of the Rule 11 plea agreement to 46 months' imprisonment on the aiding and abetting carjacking count, and a consecutive 84 months' imprisonment on the § 924(c) count, for a total imprisonment of 130 months' imprisonment.

Despite receiving a sentence within the terms of the Rule 11 plea agreement, and despite an explicit waiver of the right to appeal if sentenced within the terms of the Rule 11 plea agreement, Petitioner filed a notice of appeal. On appeal, Petitioner argued that his guilty plea was invalid because the court considered an impermissible factor at sentencing, namely, a murder for which he was acquitted after a jury trial. The Sixth Circuit affirmed and determined that the record did not reflect that this court considered this fact in formulating his sentence, and in any event,

Petitioner received the benefit of the bargain because he was sentenced within the agreed-upon Guidelines range.

On February 11, 2019, Petitioner timely filed his 28 U.S.C. § 2255 motion. In his motion to vacate, set aside, or correct sentence now before the court, Petitioner argues (1) his conviction under 18 U.S.C. § 924(c) is invalid under *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), (2) his aiding and abetting carjacking conviction is invalid because the government allegedly failed to establish a necessary element of the offense that he brandished his weapon, and (3) his counsel was ineffective for failing to advise him that the government would reference his acquittal on state murder charges at sentencing, and for failing to mention *Dean v. United States*, 137 S. Ct. 1170 (2017) by name during his oral motion for a downward departure at sentencing. Petitioner's arguments lack merit.

## II. Standard of Review

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law ... so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly

higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998) (internal quotations and citations omitted).

### III. Analysis

*1.*   *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018)

Petitioner argues that *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), which held that the residual clause definition of crime of violence in 18 U.S.C. § 16(b), which constitutes an "aggravated felony" in the Immigration and Nationality Act, was unconstitutionally vague, necessarily invalidates the residual clause language in 18 U.S.C. § 924(c)(3)(B).  But Petitioner's § 924(c) conviction was based on the predicate offense of carjacking which qualifies as a crime of violence under the use-of-force clause in 18 U.S.C. § 924(c)(3)(A).  *United States v. Jackson*, 918 F.3d 467, 486 (6th Cir. 2019). Accordingly, there is no need to consider the residual clause and *Dimaya* does not support the relief sought.

2.   *Brandishing a Firearm*

Petitioner also argues that the government failed to establish the element of brandishing the firearm under 18 U.S.C. § 924(c)(1)(A)(ii).  But

the element was included in the Third Superseding Indictment, (R. 62 at PgID 364); in the Rule 11 factual basis which established that Petitioner held the victims at gunpoint (R. 68 at PgID 382), and was adduced at the plea hearing where Petitioner admitted he brandished his gun while his co-defendant fought with one of the victims. (R. 88 at PgID 553-58). The record belies Petitioner's argument that the government failed to establish that he brandished his firearm.

3.    *Ineffective Assistance of Counsel*

The court turns now to Petitioner's argument that he received ineffective assistance of counsel. To prevail on an ineffective assistance of counsel claim, Petitioner has the burden to show that his attorney provided "deficient performance" and that he was prejudiced by that deficiency. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013). The court considers Petitioner's two claims of ineffective assistance of counsel below.

A.    *Petitioner's Acquittal of State Murder Charges*

At sentencing, the government mentioned Petitioner's acquittal on state murder charges. (R. 89 at PgID 569-70, 573-74) Petitioner's attorney vehemently voiced his objection to that reference. *Id.* at PgID 570. Petitioner now claims his attorney was ineffective because he failed

to warn him that the government would reference his acquittal on state murder charges at sentencing. But Petitioner can show no prejudice where this court did not consider that acquittal in determining Petitioner's sentence, and where Petitioner received a sentence within the Guidelines range agreed to in his Rule 11 plea agreement. Accordingly, Petitioner has failed to demonstrate ineffective assistance of counsel with regard to the government's reference of his acquittal on state murder charges.

B.    *Dean v. United States*, 137 S. Ct. 1170 (2017)

Petitioner also argues that his counsel was ineffective for failing to mention *Dean v. United States*, 137 S. Ct. 1170 (2017), which was decided days before his sentencing, by name at his sentencing hearing. Petitioner argues *Dean* would have supported his attorney's motion for a downward departure on the aiding and abetting carjacking offense based on the lengthy mandatory minimum sentence he was facing on the § 924(c) count. Indeed, *Dean* held that a district court may consider a mandatory sentence imposed under § 924(c) in determining the proper sentence for the underlying crime of violence. *Id.* at 1178. That is exactly what happened in this case. The court sentenced Petitioner to the very low end of the Sentencing Guidelines on the aiding and abetting carjacking count because of the mandatory minimum sentence of 84-

months for the § 924(c) conviction.  (R. 89 at PgID 577).  Because the

record is clear that the court did consider the § 924(c) mandatory minimum

sentence when calculating Petitioner's sentence for the predicate offense,

his counsel's failure to mention *Dean* by name at sentencing did not

prejudice him in any way, and his claim for ineffective assistance of

counsel on this basis must be denied.

4.    *Evidentiary Hearing*

Petitioner has requested an evidentiary hearing on his § 2255 motion.

Because the record conclusively shows that Petitioner is entitled to no

relief, an evidentiary hearing is not warranted.  *Blanton v. United States*, 94

F.3d 227, 235 (6th Cir. 1996) (citing *Fontaine v. United States*, 411 U.S.

213, 215 (1973) ("[E]videntiary hearings are not required when, as here,

the record conclusively shows that the petitioner is entitled to no relief.").

5.    *Motion for Appointment of Counsel*

Petitioner also seeks the appointment of counsel.  In non-capital

cases, the decision to appoint counsel for a federal habeas petitioner is in

the discretion of the district court and is only required where the interests of

justice or due process so require.  18 U.S.C. § 3006A(a)(2)(B); *Mira v.*

*Marshall*, 806 F.2d 636, 638 (6th Cir. 1986).  Because there is no merit to

Petitioner's § 2255 petition, his request for the appointment of counsel shall be denied.

6.   *Motion for Limited Discovery*

Petitioner also seeks limited discovery.  There is no automatic right to discovery in a § 2255 proceeding.  *Johnson v. Mitchell,* 585 F.3d 923, 934 (6th Cir. 2009).  Discovery in § 2255 cases is controlled by Rule 6(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts (" § 2255 Rules"), which states that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law."  For good cause shown, the district court has the discretion to permit discovery in a *habeas* proceeding, "'provided that the habeas petitioner presents specific allegations showing reason to believe that the facts, if fully developed, may lead the district court to believe that federal habeas relief is appropriate.'"  *Cornwell v. Bradshaw*, 559 F.3d 398, 410 (6th Cir. 2009) (quoting *Lott v. Coyle,* 261 F.3d 594, 602 (6th Cir.2001)).  Petitioner requests a copy of the indictment, plea agreement, sentencing transcript, and judgment.  But Petitioner has not shown that these documents would lead the court to believe that habeas relief is appropriate here.

## IV. Conclusion

For the reasons set forth above, IT IS ORDERED that Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 96) is DENIED.  IT IS FURTHER ORDERED that Petitioner's motion for the appointment of counsel (Doc. 97) and motion for limited discovery (Doc. 98) are DENIED.

The court declines to issue a certificate of appealability, because Petitioner has not "made a substantial showing of the denial of a constitutional right," for the reasons stated above. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22.

**IT IS  SO ORDERED.**

Dated:  August 22, 2019

> s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 22, 2019, by electronic and/or ordinary mail and also on Clifford A. Connor #51545-039, FCI Hazelton, Federal Correctional Institution, P. O. Box 5000, Bruceton Mills, WV  26525.

s/Barbara Radke
Deputy Clerk

---