UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                       Case No. 15-20710

     v.

                                       Hon. George Caram Steeh

CLIFFORD CONNOR,

        Defendant.

_____/

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE (ECF NO. 120)

Defendant Clifford Connor seeks compassionate release from prison, relief that the government opposes. For the reasons explained below, the court denies his motion.

Connor entered a plea of guilty to carjacking and use and carry of a firearm during and in relation to a crime of violence. His advisory sentencing guideline range was calculated to be 130-141 months. After consideration of the section 3553 factors, the court sentenced Connor to 46 months' imprisonment for aiding and abetting a carjacking and a consecutive 84 months for use and carry of a firearm during and in relation to a crime of violence, for a total of 130 months' imprisonment.

-1-

Connor began serving his sentence on May 8, 2017 and has a projected release date of March 11, 2025.   He has served approximately 44 months, or 34% of his sentence, and is housed at FCI Hazelton in West Virginia.  Connor seeks compassionate release due to medical conditions, specifically Attention Deficit Hyper-Disorder (ADHD), and a learning disability.

Ordinarily, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). The statute provides for a limited exception, known as "compassionate release," which is governed by 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. This section allows for judicial modification of an imposed term of imprisonment when three criteria have been met: (1) the defendant has first exhausted all administrative remedies with the Bureau of Prisons or at least allowed the BOP 30 days to act on his request before seeking compassionate release on his own motion; (2) extraordinary and compelling reasons warrant such a reduction; and (3) the reduction is consistent with the applicable policy statements issued by the Sentencing Commission and the court has considered the factors set forth in section 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i).

An "extraordinary and compelling reason" for the reduction can be satisfied in cases where a defendant's medical conditions or overall state of health are such that they cannot be treated effectively or will worsen in a custodial environment. To qualify, a defendant must have a medical condition, age-related issue, family circumstance, or other reason that satisfies the criteria in USSG § 1B1.13(1)(A) & cmt. n.1. Medical conditions meeting the "extraordinary and compelling" standard include terminal illnesses or serious physical or cognitive impairments. *Id.* In addition, the defendant must "not [be] a danger to the safety of any other person or to the community." USSG § 1B1.13(2).

Even if these criteria are met, the court may not grant a motion for compassionate release unless the factors set forth in section 3553(a) support a sentence reduction. *See* 18 U.S.C. § 3553(a); *United States v. Ruffin*, 978 F.3d 1000, 1008-009 (6th Cir. 2020). These factors include the defendant's history and characteristics, the seriousness of the offense, the need to promote respect for the law and provide just punishment, general and specific deterrence, and the protection of the public. 18 U.S.C. § 3553(a).

First, compassionate release requires exhaustion.  18 U.S.C. § 3582(c)(1)(A); *United States v. Alam*, 960 F.3d 831, 832-36 (6th Cir. 2020).

Connor has requested compassionate release from the BOP, which was

denied on the basis that he does not have a debilitated medical condition.

Accordingly, he has exhausted her administrative remedies and the court

may consider his motion.

Second, even if a defendant exhausts, he must show "extraordinary

and compelling reasons" for release. 18 U.S.C. § 3582(c)(1)(A).  The Sixth

Circuit has stressed that "generalized fears of contracting Covid-19, without

more," do not justify compassionate release.  *United States v.*

*Scarborough*, 821 Fed.Appx. 598, 600 (6th Cir. 2020) (citations omitted).

Connor's proffered reason for release—ADHD and a learning disability—as

well as his medical records, establish that he does not have a CDC

recognized condition.  Because Connor is only 26 years old, he also does

not face the same risk from the disease as the elderly.  The combination of

his medical conditions and age, even when considered alongside the

Covid-19 pandemic, thus does not rise to the level of an "extraordinary"

circumstance.

Finally, even if Connor's health conditions and the Covid-19 pandemic

did meet the "extraordinary and compelling" standard, the Court finds that

the section 3553(a) factors do not weigh in favor of compassionate release.

On October 24, 2015, Connor aimed a handgun at the owner and

passenger of a red 2005 Pontiac Grand Am and ordered them out of the

car.  Connor and two accomplices robbed the men of their money, the keys

and paperwork to the Grand Am, their wallets and passports, and their

cellphones.  While Connor held the two men at gunpoint, one of the co-

defendants pummeled and yelled at one of the victims to divulge his

cellphone passcode.  With the help of the tracking app on one of the victim's

cellphones, Connor and the accomplices were found at a nearby home with

the car and other stolen items.  Connor was in possession of a handgun

when he was arrested.

In imposing a sentence at the bottom of the guidelines, the court

considered Connor's age and family support, balanced against his criminal

history and the violent nature of the instant offense.   The Court was

cognizant of the need to deter Connor from committing future violations, as

well as the need to generally deter others who might be inclined to commit

similar violations.  Releasing him after he has served approximately 34% of

his sentence, with over four years remaining, would not reflect the

seriousness of his offense, promote respect for the law, afford just and

proportionate punishment, or provide sufficient deterrence.

-5-

For the reasons stated above, IT IS HEREBY ORDERED that

Connor's motion (ECF No. 120) is DENIED.

Dated:  January 12, 2021

> s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 12, 2021, by electronic and/or ordinary mail and also
on  Clifford Anthony Connor #51545-039, Federal Correctional
Facility, Inmate Mail/Parcels, P.O. Box 5000,
Bruceton Mills, WV 26525.

s/Brianna Sauve
Deputy Clerk