UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CLIFFORD CONNOR,

    Defendant.
_____/

Case No. 15-20710

Hon. George Caram Steeh

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE (ECF NO. 143)

The matter is before the court on defendant Clifford Connor's letter asking the court to release him from custody early so he can look after his mother who suffered an injury in a work accident last November. Connor also appeals to the court to reduce his sentence to account for time spent in the RDAP program prior to officially receiving credit. The court construes Connor's letter as a motion for compassionate release. ECF No. 143.[1] The

---

[1] This is Connor's second motion for compassionate release. The prior motion was based on Connor's medical conditions, specifically Attention Deficit Hyper-Disorder (ADHD), and a learning disability. That motion was denied on January 12, 2021. ECF No. 126.

government filed a response in opposition. ECF No. 145. For the reasons explained below, the court denies the motion.

Connor entered a plea of guilty to carjacking and use and carry of a firearm during and in relation to a crime of violence. His advisory sentencing guideline range was calculated to be 130-141 months. After consideration of the section 3553 factors, the court sentenced Connor to 46 months' imprisonment for aiding and abetting a carjacking and a consecutive 84 months for use and carry of a firearm during and in relation to a crime of violence, for a total of 130 months' imprisonment.

Connor, who is now 26 years old, began serving his sentence on May 8, 2017. He has served over 70% of his sentence, and has a release date of March 11, 2025. Connor describes participating in RDAP for two years before he officially began the program in February of 2023. He is now receiving credit for RDAP and may be eligible for release in June of 2024.

Ordinarily, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). The statute provides for a limited exception, known as "compassionate release," which is governed by 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. This section allows for judicial modification of an imposed term of imprisonment when three criteria have been met: (1) the defendant has first exhausted all

administrative remedies with the Bureau of Prisons or at least allowed the BOP 30 days to act on his request before seeking compassionate release on his own motion; (2) extraordinary and compelling reasons warrant such a reduction; and (3) the reduction is consistent with the applicable policy statements issued by the Sentencing Commission and the court has considered the factors set forth in section 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i).

An "extraordinary and compelling reason" for the reduction can be satisfied in cases where a defendant's medical condition, age-related issue, family circumstance, or other reason that satisfies the criteria in USSG § 1B1.13(1)(A) & cmt. n.1. In addition, the defendant must "not [be] a danger to the safety of any other person or to the community." USSG § 1B1.13(2).

Even if these criteria are met, the court may not grant a motion for compassionate release unless the factors set forth in section 3553(a) support a sentence reduction. *See* 18 U.S.C. § 3553(a); *United States v. Ruffin*, 978 F.3d 1000, 1008-009 (6th Cir. 2020). These factors include the defendant's history and characteristics, the seriousness of the offense, the need to promote respect for the law and provide just punishment, general and specific deterrence, and the protection of the public. 18 U.S.C. § 3553(a).

First, compassionate release requires exhaustion. 18 U.S.C. § 3582(c)(1)(A); *United States v. Alam*, 960 F.3d 831, 832-36 (6th Cir. 2020). Although Connor pursued administrative remedies on October 6, 2020, related to his prior request for compassionate release, he has not exhausted his administrative remedies through the BOP regarding his current request. In addition, the calculation of a federal prisoner's sentence is reserved for the BOP, and a motion for compassionate release is not the proper vehicle for bringing such a challenge.

However, even if Connor had properly exhausted his administrative remedies, his father's death and his mother's injury are not "extraordinary and compelling reasons" for his release. In this regard, the Sentencing Commission identifies only "the death or incapacitation of the caregiver of the defendant's minor child or minor children" or "the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13 cmt n.1(C). Here, Connor's mother does not fall in the category of minor child or spouse. Furthermore, the PSR prepared for Connor's sentencing states that he had three siblings residing with his mom who would now be 32, 22, and 21 years old. (PSR at ¶56). It is therefore likely

that there are other family members who can step in as caregiver for Connor's mother.

Finally, in denying Connor's previous motion, the court found that the section 3553(a) factors did not weigh in favor of compassionate release:

> . . . On October 24, 2015, Connor aimed a handgun at the owner and passenger of a red 2005 Pontiac Grand Am and ordered them out of the car. Connor and two accomplices robbed the men of their money, the keys and paperwork to the Grand Am, their wallets and passports, and their cellphones. While Connor held the two men at gunpoint, one of the co-defendants pummeled and yelled at one of the victims to divulge his cellphone passcode. With the help of the tracking app on one of the victim's cellphones, Connor and the accomplices were found at a nearby home with the car and other stolen items. Connor was in possession of a handgun when he was arrested.
>
> In imposing a sentence at the bottom of the guidelines, the court considered Connor's age and family support, balanced against his criminal history and the violent nature of the instant offense. The Court was cognizant of the need to deter Connor from committing future violations, as well as the need to generally deter others who might be inclined to commit similar violations. Releasing him after he has served approximately 34% of his sentence, with over four years remaining, would not reflect the seriousness of his offense, promote respect for the law, afford just and proportionate punishment, or provide sufficient deterrence.

ECF No. 126, PageID.864-865.

The court continues to find that the Section 3553(a) factors do not warrant Connor's release. And while Connor's effort toward rehabilitation is

commendable, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 18 U.S.C. § 994(t).

For the reasons stated above, IT IS HEREBY ORDERED that Connor's motion (ECF No. 143) is DENIED.

Dated:  August 24, 2023

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 24, 2023, by electronic and/or ordinary mail and also on Clifford Anthony Connor #51545-039, Allenwood Medium Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 2000, White Deer, PA 17887.

s/Mike Lang
Deputy Clerk